BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501
Our Ref.: 07-S-001-LS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATIONAL SUBROGATION SERVICES,
LLC., as subrogee of CHAPPELL GALLERY, LLC

                        Plaintiff,

    - against -

YELLOW TRANSPORTATION, INC.,

                        Defendant.
------------------------------------------------------------X

07 CV 4817

JUN 0 6 2007

**COMPLAINT**

The plaintiff, NATIONAL SUBROGATION SERVICES, LLC. as subrogee of CHAPPELL GALLERY, LLC, by its attorneys BADIAK & WILL, LLP, complaining of the defendant, alleges upon information and belief as follows:

### JURISDICTION

1. That the following constitute claims over which this Court has original jurisdiction pursuant to 28 U.S.C.S. § 1337 because this action is brought under 49 U.S.C.S. § 14706 and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

### PARTIES

2. That plaintiff, NATIONAL SUBROGATION SERVICES, LLC. ("NSS"), as subrogee of CHAPPELL GALLERY, LLC ("CHAPPELL"), at all times herein alleged, was and is a limited liability company duly organized and existing under and by virtue of the laws of one of the States

of the United States, with an office and principal place of business located at 350 Jericho Turnpike, Suite 310, Jericho, New York 11753.

3. That plaintiff NSS is subrogated to the rights of its insured, CHAPPELL.

4. That CHAPPELL, at all times herein alleged, was and is a limited liability company duly organized and existing under and by virtue of the laws of one of the States of the United States, with an office and principal place of business located at 526 West 26th Street #317, New York, New York 10001.

5. That CHAPPELL, at all times herein alleged, was and is in the business of operating a craft gallery, offering for sale crafts by living artists.

6. That, at all times herein alleged, defendant YELLOW TRANSPORTATION, INC. ("Yellow"), was and is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and principal place of business located at 10990 Roe Avenue, Overland Park, Kansas 66211.

8. That defendant Yellow is registered with the New York State Department of State Division of Corporations as a Foreign Limited Liability Company.

9. That, at all times herein alleged, defendant Yellow was engaged in business as a motor carrier of goods for hire within the meaning of all applicable federal and state statutes, rules and regulations.

## FACTS

10. That on or about June 13, 2006, in New York, New York, CHAPPELL, the shipper and plaintiff's subrogor, delivered, in good order and condition, certain cargo consisting of a glass column to the defendant motor carrier, Yellow.

2

11. That on or about June 13, 2006, the defendant motor carrier, in consideration of certain agreed freight charges then and there paid or agreed to be paid, accepted the above mentioned shipment consisting of the glass column, in good order and condition and agreed to deliver said shipment in like good order and condition as motor carrier of goods for hire to Dallas, Texas.

12. That on or about June 13, 2006, the defendant motor carrier, in consideration of certain freight charges agreed, pursuant to the applicable bill of lading which expressly listed the glass column, to transport and deliver the above-mentioned shipment consisting of the glass column, in like good order and condition as when received by defendant.

13. That thereafter, the defendant motor carrier arrived in Dallas, Texas where defendant made delivery of the above-mentioned shipment but not in the same good order and condition as when shipped, delivered to and received by defendant motor carrier. To the contrary, said shipment was delivered seriously injured and impaired in value by reason of damage suffered during Yellow's transport of the shipment.

14. That defendant motor carrier's delivery receipt expressly states that the cargo was not received in good order and condition as agreed in the applicable bill of lading.

15. That, in the applicable bill of lading, defendant motor carrier expressly agreed that its total liability for the subject shipment was $19,000.00.

16. That, under applicable and controlling Federal law, defendant motor carrier is absolutely liable for the loss of and damage to the shipment.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 with the same force and effect as though fully set forth herein at length.

18. That, by reason of the foregoing, plaintiff NSS paid CHAPPELL for the loss of the damaged cargo pursuant to its policy of insurance and is now subrogated to its rights against the defendant.

19. That, by reason of the foregoing, the defendant common carrier breached its contract of carriage and, as a result of said breach, plaintiff has been damaged in the amount of $14,000, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 with the same force and effect as though fully set forth herein at length.

21. That, by reason of the foregoing, negligence on the part of defendant motor carrier has been established.

22. That, by reason of defendant motor carrier's negligence, plaintiff has been damaged in the amount of $14,000.00, no part of which has been paid although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 with the same force and effect as though fully set forth herein at length.

24. That, by reason of the foregoing, and a prior course of dealing between CHAPPELL and defendant motor carrier wherein defendant agreed to transport similar cargoes for hire, CHAPPELL was fraudulently induced to enter into the subject contract for carriage.

25. That CHAPPELL was fraudulently induced to enter into the subject contract for carriage based upon defendant's acceptance of the glass column for shipment and, further, based upon the listing of the glass column as one of the items to be shipped on the applicable bill of lading.

26. That Yellow committed fraud in thereafter denying CHAPPELL'S claim for damage to the shipment on the basis that the subject shipment was considered excluded cargo.

27. That, by reason of the foregoing, the defendant motor carrier has defrauded CHAPPELL and, as a result of said fraud, plaintiff has been damaged in the amount of $14,000, no part of which has been paid although duly demanded.

## AS AND FOR A FOURTH CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation contained in the paragraphs 1 through 27 with the same force and effect as though fully set forth herein at length.

29. That, in the applicable bill of lading, defendant motor carrier expressly agreed that its total liability for the subject shipment was $19,000.00.

30. That CHAPPELL was fraudulently induced into agreeing to the terms of the bill of lading on the basis of defendant motor carrier's express representation, as stated in the applicable bill of lading, that defendant motor carrier's total liability for the subject shipment was $19,000.00.

31. That defendant motor carrier committed fraud in representing that its total liability for the subject shipment was $19,000.00 and thereafter denying, in its entirety, CHAPPELL'S claim for damage to the cargo, in violation of the applicable bill o f lading.

32. That, by reason of the foregoing, defendant motor carrier has defrauded CHAPPELL, and, by reason of said fraud, plaintiff has been damaged in the amount of $14,000.00, no part of which has been paid although duly demanded.

### AS AND FOR A FIFTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as though herein at length.

34. That, based upon the foregoing, defendant motor carrier made certain negligent misrepresentations and/or known false representations to induce CHAPPELL to enter into the contract for carriage.

35. That, based upon the foregoing negligent misrepresentations and/or known false representations CHAPPELL was induced to enter into the contract for carriage and did reasonably rely upon those misrepresentations in entering into the contract for carriage.

36. That, by reason of the foregoing, plaintiff has been damaged in the amount of $14,000.00, no part of which has been paid although duly demanded.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of the law may issue against the defendant citing it to appear and answer all and singular the matters aforesaid.

2. That if defendant cannot be found within this District then all its property within the District be attached in the sum of $14,000.00, or to the extent as their individual interests appear herein, with interest thereon and costs, that aggregate sum sued for this Complaint.

3) That judgment may be entered in favor of plaintiff NATIONAL SUBROGATION SERVICES, LLC., as subrogee of CHAPPELL GALLERY, LLC and against defendant motor carrier YELLOW TRANSPORTATION, INC., in the sum of $14,000.00.

4) That the defendant be adjudged liable to plaintiff for punitive damages on its claims for fraud and negligent misrepresentation.

5) That this Court grant to plaintiff such other, further or different relief as may be just and proper.

DATED: Mineola, New York
        June 4, 2007

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Plaintiff
NATIONAL SUBROGATION SERVICES,
LLC., as subrogee of CHAPPELL GALLERY
106 Third Street
Mineola, New York 11501-4404
Our ref.: 07-S-001-AW/LS

By: *[signature]*
LISA A. SCOGNAMILLO (LAS-7706)