NOWELL AMOROSO
KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, New Jersey 07601
- and -
140 Broadway
PMB 46028
New York, New York 10005
(201) 343-5001 (t)
(201) 343-5181 (f)
Attorneys for Defendant,
Yellow Transportation, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL SUBROGATION SERVICES, LLC, as subrogee of CHAPPELL GALLERY, LLC<br><br>Plaintiff,<br><br>v.<br><br>YELLOW TRANSPORTATION, INC.<br><br>Defendant. | Case No.: 07 CV 4817<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

For its answer and affirmative defenses to the Complaint of plaintiff National Subrogation Services, LLC, as subrogee of Chappell Gallery, LLC ("NSS"), defendant Yellow Transportation, Inc. ("Yellow") states and alleges as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

## JURISDICTION

1. Yellow admits the allegations in paragraph 1 of the Complaint.

## PARTIES

2. Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3. Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies the same.

4. Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies the same.

5. Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies the same.

6. Yellow admits that it is an Indiana corporation with its principal place of business located at 10990 Roe Avenue, Overland Park, Kansas 66211.

7. Plaintiff's Complaint does not contain a paragraph 7.

8. Yellow admits that it is registered with the New York Department of State Division of Corporations as a Foreign Business Corporation.

9. Yellow admits the allegations in paragraph 9 of the Complaint.

## FACTS

10. Yellow admits receiving on June 13, 2006, two items identified on the bill of lading as a glass column and glass doll from CHAPPELL, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11. Yellow admits receiving on June 13, 2006, two items identified on the bill of lading as a glass column and glass doll from CHAPPELL for delivery to Dallas, Texas, but lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12.     Yellow admits receiving on June 13, 2006, two items identified on the bill of lading as a glass column and glass doll from CHAPPELL, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and, therefore, denies the same.

13.     Yellow admits that it delivered the items identified on the bill of lading in Dallas, Texas but denies the remaining allegations in paragraph 13 of the Complaint.

14.     Yellow denies the allegations in paragraph 14 of the Complaint.

15.     Yellow denies the allegations in paragraph 15 of the Complaint.

16.     Yellow denies the allegations in paragraph 16 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

17.     In response to paragraph 17, Yellow incorporates by reference and restates its responses to all preceding paragraphs.

18.     Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, denies the same.

19.     Yellow admits that it has not paid plaintiff's demand but denies the remaining allegations in paragraph 19 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

20.     In response to paragraph 20, Yellow incorporates by reference and restates its responses to all preceding paragraphs.

21.     Yellow denies the allegations in paragraph 21 of the Complaint.

KC-1517342-1

22. Yellow admits that it has not paid plaintiff's demand but denies the remaining allegations in paragraph 22 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION

23. In response to paragraph 23, Yellow incorporates by reference and restates its responses to all preceding paragraphs.

24. Yellow denies the allegations in paragraph 24 of the Complaint.

25. Yellow denies the allegations in paragraph 25 of the Complaint.

26. Yellow denies the allegations in paragraph 26 of the Complaint.

27. Yellow admits that it has not paid plaintiff's demand but denies the remaining allegations in paragraph 27 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION

28. In response to paragraph 28, Yellow incorporates by reference and restates its responses to all preceding paragraphs.

29. Yellow denies the allegations in paragraph 29 of the Complaint.

30. Yellow denies the allegations in paragraph 30 of the Complaint.

31. Yellow denies the allegations in paragraph 31 of the Complaint.

32. Yellow admits that it has not paid plaintiff's demand but denies the remaining allegations in paragraph 32 of the Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION

33. In response to paragraph 33, Yellow incorporates by reference and restates its responses to all preceding paragraphs.

34. Yellow denies the allegations in paragraph 34 of the Complaint.

35. Yellow denies the allegations in paragraph 35 of the Complaint.

36. Yellow admits that it has not paid plaintiff's demand but denies the remaining allegations in paragraph 36 of the Complaint.

**WHEREFORE**, for the reasons set forth above, Yellow requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to plaintiff's Complaint, Yellow states as follows:

### FIRST AFFIRMATIVE DEFENSE

Yellow denies each and every allegation in the Complaint not specifically admitted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Yellow.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because plaintiff failed to properly describe the goods on the bill of lading as goods with extraordinary value or an original work of art. Had plaintiff properly described the goods on the bill of lading, Yellow would not have accepted the goods for transportation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the goods were received without exception or any notation of damage.

### FIFTH AFFIRMATIVE DEFENSE

Yellow acted reasonably under the circumstances of this case.

KC-1517342-1

## SIXTH AFFIRMATIVE DEFENSE

Yellow met all of its obligations under all shipping agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Whatever shipment Yellow received for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Yellow's effective rates, rules, classifications and tariff, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage for the transportation of said shipment and define the responsibilities of Yellow in this matter. Yellow duly performed all of the terms and conditions thereunder which it was required to perform.

## EIGHTH AFFIRMATIVE DEFENSE

Yellow's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the bill of lading and Yellow's rates, rules, classifications and tariffs governing the subject shipment.

## NINTH AFFIRMATIVE DEFENSE

Under the Bill of Lading contract, Yellow is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the article, improper labeling, or improper packaging, or loading or unloading of the shipment.

## TENTH AFFIRMATIVE DEFENSE

The Bill of Lading contract and Yellow's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in its Complaint constitute special damages, Yellow is not liable.

### ELEVENTH AFFIRMATIVE DEFENSE

The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiff's federal common law claims against Yellow.

### TWELFTH AFFIRMATIVE DEFENSE

The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiff's state law claims, both statutory and common law, against Yellow.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Bill of Lading contract further required that as a condition precedent to recovery, claims must be filed in writing with the carrier within nine (9) months after delivery of the shipment or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied. In the event plaintiff's claim on the shipment that is the subject of its Complaint was insufficient or defective or was not filed within the above-described time limits, then it is barred from any recovery in this action. Likewise, if plaintiff's Complaint was not filed against Yellow within two (2) years and one day from the date when its claim was denied, then plaintiff is barred from any recovery against Yellow in this action

### FOURTEENTH AFFIRMATIVE DEFENSE

Yellow reserves the right to plead any additional defenses as they become known through discovery in this case.

**WHEREFORE**, Yellow requests judgment dismissing with prejudice plaintiff's

Complaint and awarding Yellow its reasonable attorneys' fees and costs in this action.

                Respectfully submitted,

                NOWELL AMOROSO KLEIN BIERMAN, P.A.

                s/ *William D. Bierman*
                William D. Bierman, Esq.
                155 Polifly Road
                Hackensack, New Jersey 07601
                - and –
                140 Broadway
                PMB 46028
                New York, New York 10005
                Telephone:   (201) 343-5001
                Facsimile:    (201) 343-5181
                E-mail: wbierman@nakblaw.com
                Attorneys for Defendant,
                Yellow Transportation, Inc.