# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

JOHN D. KALLEN

August 2, 2007

### VIA TELEFAX AND ECF - 212-805-6382

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   National Subrogation Services v. Yellow Transportation
      Index No.: 07 CV 4817 (VM)
      Our Ref.: 07-S-001-LS

Dear Judge Marrero:

We represent the plaintiff, National Subrogation Services, LLC, in the above captioned matter. Pursuant to the Notice of Initial Conference dated July 24, 2007, attached is the parties' joint letter addressing various issues.

An Initial Case Management Conference is scheduled for August 9, 2007 at 10:15 a.m. We thank the Court for its kind attention to this matter.

Very truly yours,

BADIAK & WILL, LLP

LISA A. SCOGNAMILLO

LAS/lmw
Enc.

cc: **VIA TELEFAX AND ECF 201-343-5181**
Attn: Tom Martin, Esqs.
Nowell Amoroso Klein Bierman, P.A.
Attorneys for Defendant
Yellow Transportation, Inc.
155 Polifly Road
Hackensack, New Jersey 07601

And

Nowell Amoroso Klein Bierman, P.A.
140 Broadway
PMB 46028
New York, New York 10005

Attn: William D. Bierman


**VIA TELEFAX AND ECF 816-983-8080**
Blackwell Sanders, LLP
Attorney for Defendant
Yellow Transportation, Inc.
4801 Main Street, Suite 1000
Kansas City, MO 64112

Attn: Kenneth Hoffman, Esq.

# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

JOHN D. KALLEN

August 2, 2007

**VIA TELEFAX AND ECF - 212-805-6382**

**JOINT LETTER**
**INITIAL CASE MANAGEMENT CONFERENCE**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   National Subrogation Services v. Yellow Transportation
      Index No.: 07 CV 4817 (VM)
      Nowell Ref.: 2553.99
      Badiak Ref.: 07-S-001-LS

Dear Judge Marrero:

     This joint letter is respectfully submitted in accordance with the Notice of Initial Conference dated July 24, 2007, and in connection with the upcoming August 9, 2007 Initial Conference.

### (1) CASE DESCRIPTION

### (A) Plaintiff's Factual and Legal Basis for Claims

     This matter arises under the Carmack Amendment, 49 U.S.C.S § 14706, which governs suits involving bills of lading for interstate shipments by motor carrier. This Court has original jurisdiction over this matter pursuant to 33 U.S.C.S. § 1337 because the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

Honorable Victor Marrero
United States District Court
Southern District of New York
August 2, 2007
Page 2

On or about June 13, 2006, Chappell Gallery, LLC ("Chappell"), plaintiff's subrogor, entered into a contract of carriage with defendant, Yellow Transportation, Inc. ("Yellow") for the shipment of cargo from New York, New York to Dallas, Texas via truck transport. The applicable bill of lading expressly and accurately lists the cargo as a glass column and a glass doll. Yellow had accepted from Chappell the same or similar cargo for interstate shipment on several prior occasions.

The shipment was received by Yellow in good order and condition. However, when the shipment arrived in Dallas, Texas, the glass column was damaged. This fact is expressly stated in Yellow's delivery receipt.

In the bill of lading, Yellow expressly agreed that its total liability and the declared value for the shipment was $19,000.00. The sales invoice shows that the glass column was valued at $15,000.00 and the glass doll at $4,000.00. Plaintiff now seeks to recover based upon Yellow's express representation to Chappell that Yellow's total liability for this shipment was $19,000.00. Chappell's cost to replace the damaged glass column is $14,000.00, well within Yellow's total liability of $19,000.00.

Chappell was fraudulently induced to enter into the contract of carriage based upon Yellow's express representation in the bill of lading that Yellow's total liability for the shipment and the declared value was $19,000.00. Chappell was further fraudulently induced into entering the contract of carriage based upon a prior course of dealing between the parties wherein Yellow accepted the same or similar cargo for interstate shipment. Additionally, Yellow committed fraud in thereafter denying Chappell's claim, despite the fact that Yellow's total liability for the shipment was expressly agreed to be $19,000.00. The freight rate that Chappell agreed to was also based upon Yellow's representation that its total liability was $19,000.00.

Chappell received payment for the damaged glass column pursuant to an applicable insurance policy. Plaintiff, National Subrogation Services, LLC ("NSS") is now subrogated to Chappell's rights to recovery.

### (B) Defendant's Factual and Legal Basis for Defenses

This is a subrogated cargo damage claim in the amount of $14,000.00. Plaintiff, National Subrogation Services, LLC brings this claim to recover monies paid to the shipper, Chappell Gallery, LLC for damages to a glass column.

Honorable Victor Marrero
United States District Court
Southern District of New York
August 2, 2007
Page 3

      The Defendant, Yellow Transportation, Inc., is a federally licensed interstate motor carrier. Yellow received certain goods on June 13, 2006 as identified on a certain Bill of Lading for transportation in interstate commerce.

      The case is governed by the federal transportation law, specifically 49 U.S.C. § 14706, commonly referred to as the Carmack Amendment. Under Carmack, the Plaintiff's assignee, National Subrogation Services, LLC, must prove three (3) things to establish a *prima facie* case: (1) receipt by the carrier (Yellow) in good condition; (2) receipt by the ultimate consignee in damaged condition; and (3) the amount of the damages.

      Yellow's tariff limitations of liability and rules are incorporated through the Bill of Lading on this shipment. The damages alleged may be limited. The Defendant also alleges that the damage was caused by the fault of the shipper through improper packaging.

### (2) CONTEMPLATED MOTIONS

#### A. Plaintiff's Response

      At this time, plaintiff contemplates making a summary judgment motion. Additional motions may be considered as the parties engage in discovery.

#### B. Defendant's Response

      Defendant, Yellow Transportation, Inc., contemplates a motion for partial summary judgment to limit the damages to the limitation of liability contained in the Yellow Tariff that governed the shipment. Defendant has been successful in bringing such motion for partial summary judgment to narrow the scope of the issues involved, most recently before Judge Sand.

### (3) PROSPECT FOR SETTLEMENT

#### A. Plaintiff's Response

      Plaintiff is willing to entertain any reasonable settlement offer.

Honorable Victor Marrero
United States District Court
Southern District of New York
August 2, 2007
Page 4

### B. Defendant's Response

Although the parties have not directly exchanged settlement numbers, it is believed that given the dollar figures involved, $14,000.00, and depending upon the outcome of the motion for partial summary judgment, this case has a potential to settle.

### (4) CONSENT TO PROCEED BEFORE MAGISTRATE

The parties do not consent to proceed for all purposes before the Magistrate Judge.

We thank the Court for its attention to this matter.

Respectfully submitted,                         Respectfully submitted,

BADIAK & WILL, LLP                              NOWELL AMOROSO KLEIN
106 Third Street                                    BIERMAN, P.A.
Mineola, New York 11501-4404                    155 Polifly Road
(516) 877-2225                                  Hackensack, New Jersey 07601
                                                (201) 343-5001
*/s/ Lisa A. Scognamillo*                       And
LISA A. SCOGNAMILLO, ESQ. (LAS-7706)            140 Broadway
Attorneys for Plaintiff                         PMB 46028
National Subrogation Services, LLC,             New York, New York 10005
as subrogee of Chappell Gallery, LLC
                                                */s/ Thomas C. Martin*
                                                Thomas C. Martin, Esq. (TM-1042)
                                                Attorneys for Defendant,
                                                Yellow Transportation, Inc.

LAS/lmw
cc:   **VIA TELEFAX AND ECF 816-983-8080**
      Blackwell Sanders, LLP
      Attorney for Defendant
      Yellow Transportation, Inc.
      4801 Main Street, Suite 1000
      Kansas City, MO 64112
      Attn: Kenneth Hoffman, Esq.